UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80633-CIV-MARRA/JOHNSON

GULF COAST PRODUCE, INC.,
a Florida corporation

    Plaintiff
vs.

AMERICAN GROWERS, INC.,
a Florida corporation, and
GLENN C. THOMASON, an
individual

    Defendants.
_____/

## ORDER AND OPINION DENYING MOTION FOR PRELIMINARY INJUNCTION

**THIS CAUSE** is before the Court upon Plaintiff's Emergency Motion For Preliminary Injunction [DE 3] pursuant to Federal Rule of Civil Procedure 65 filed on July 17, 2007.  An evidentiary hearing was conducted on August 1, 2007.  Having carefully considered the motion, the attached Declaration, argument of counsel, testimony of witnesses, and being otherwise fully advised in the premises, the Court finds it appropriate to deny the Motion For Preliminary Injunction.

## Introduction

Plaintiff Gulf Coast Produce, Inc. ("Gulf Coast Produce" or "Plaintiff") is a local strawberry grower and is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities in interstate commerce.  Defendant American Growers, Inc. ("American Growers" or "Defendant") is a dealer and commission merchant which buys produce from local growers and sells that produce to grocery stores throughout the United States.  Plaintiff brings suit under the

Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a-t, to enforce its right to payments due for strawberries purchased by Defendant. Under this Act, the agricultural commodities, products derived from the produce, and proceeds from the sale of such items are subject to a statutory trust ("PACA Trust") for the benefit of the seller until full payment is made to the seller by the dealer. 7 U.S.C. § 499e(c)(2) and (4); *see also Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 282 (9th Cir.1997). The instant motion seeks injunctive relief under PACA that would hold assets of American Growers in constructive trust for Gulf Coast Produce's claims.

**Conclusions of Law**

In many respects, the issues raised in the instant motion are addressed in *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154 (11th Cir. 1990). In *Frio Ice*, involving a similar dispute, a preliminary injunction was issued pursuant to PACA based on a buyer's non-payment for agricultural commodities received from its supplier. In deciding the case, the Eleventh Circuit reiterated that the issuance of a preliminary injunction falls within the sound discretion of the District Court and should be granted only where the moving party clearly shows: (1) a substantial likelihood that it will succeed on the merits; (2) that it will suffer irreparable harm unless an injunction issues; (3) that its potential injury outweighs possible harm to the opposing party; and (4) that the injunction would not be adverse to the public interest. *Frio Ice*, 918 F.2d 154, 159 (citing *Cunningham v. Adams,* 808 F.2d 815, 819 (11th Cir.1987)). A buyer should be required to segregate and maintain assets as a "PACA trust," upon a showing that the trust is being dissipated or threatened with dissipation when a supplier satisfies the four requirements for a preliminary injunction. *Id.*

**Irreparable Injury**

Turning to the requirements for issuance of a preliminary injunction, the Court finds that Gulf Coast Produce has failed to show that it will suffer irreparable harm unless the injunction issues.  Plaintiff attests by way of the Declaration of Steve Machell that it has heard rumors that American Growers is in serious financial jeopardy and that the PACA trust assets are being threatened with dissipation.  Plaintiff claims that since it is nearly impossible to recover trust assets once there has been dissipation, the loss to Plaintiff and other trust creditors would be irreparable.

This argument contains two fatal flaws.  First, Plaintiff has not shown that in this case injury is not compensable through money damages and thus irreparable.  Second, and more importantly, Plaintiff has shown no threat of asset dissipation.

A court's power to grant injunctive relief should be exercised only when intervention is essential to protect property or other rights from irreparable injury.  *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982);  *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir. 1990) ("it is settled law that when an injury is compensable through money damages there is no irreparable harm").  In other words, there must be a showing that the plaintiff will suffer irreparable harm absent an injunction.  Irrespective of the magnitude of the injury, it must be sufficiently probable that the defendant's future conduct will violate and irreparably injure a right of the plaintiff.  *Ralph Rosenberg Court Reporters, Inc. v. Fazio*, 811 F. Supp. 1432 (D. Haw. 1993);  *Hunt v. Anderson*, 794 F.Supp. 1551, 1557 (M.D. Ala. 1991); .  Irreparable damage, called the most important requirement for an injunction, must be likely and not merely possible.  *Hatmaker v. Georgia Dept. of Transp. By and*

*Through Shackelford*, 973 F. Supp. 1047 (M.D. Ga. 1995); *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328 (2d Cir. 1995).  Although the irreparable harm required to support the issuance of an injunction is generally not present when the plaintiff has a claim for money damages, an exception exists for when the money judgment will go unsatisfied absent equitable relief.  *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987) (injury suffered by a plaintiff is irreparable only if it cannot be undone through monetary remedies).

At the hearing, Glenn C. Thomason, principal of American Growers, testified that American Growers is solvent and has sufficient funds to pay all accounts payable, including Gulf Coast Produce's claim in its entirety.  Bank statements demonstrating this fact were admitted into evidence.  American Growers had no evidence to suggest that Thomason's representations were inaccurate.  The conclusion of dissipation or threat of dissipation based on an allegation of a rumor about flagging profitability with no personal knowledge or supporting evidence is plainly insufficient to satisfy the burden of proving irreparable damage.  Thus, Gulf Coast Produce has an adequate remedy at law, monetary damages, and has not established an irreparable injury apart from its monetary damages. *JSG Trding Corp.*, 917 F.2d at 80( where the defendant in a PACA case presented evidence of substantial current assets and sound financial health and the evidence demonstrated only a remote and speculative possibility of future harm, the issuance of a preliminary injunction was improper); *Driscoll Potatoes, Inc. v. N.A. Produce Co., Inc.*, 765 F.Supp. 174 (D.N.J. 1991)

(unpaid seller of potatoes had adequate remedy of law under PACA to enforce payment of amounts owing so that supplier was not entitled to preliminary injunction directing payment of contract price into interest-bearing account).

## Summary

Having found that Gulf Coast has failed to establish the essential prerequisite for a preliminary injunction - that it will suffer irreparable injury absent the issuance of an injunction - it is unnecessary to consider the other required showings.  The evidence before the Court suggests that Defendant is solvent and that trust assets are not being improperly dissipated or diluted.  Accordingly, it is hereby,

**ORDERED AND ADJUDGED** that Plaintiff's Emergency Motion For Preliminary Injunction **[DE 3] is DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 7th day of August, 2007.

_____
KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record