UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80633-CIV-MARRA/JOHNSON

GULF COAST PRODUCE, INC.,
a Florida corporation

      Plaintiff

vs.

AMERICAN GROWERS, INC.,
a Florida corporation, and
GLENN C. THOMASON, an
individual

      Defendants.

_____/

## ORDER AND OPINION ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants, American Growers, Inc.

("American Growers") and Glenn C. Thomason ("Thomason")'s Motion to Dismiss

Counts V - VIII [DE 32].  The motion is fully briefed and ripe for review.

**Introduction**

Plaintiff Gulf Coast Produce, Inc. ("Gulf Coast Produce" or "Plaintiff") is a

local strawberry grower and is engaged in the business of buying and selling wholesale

quantities of perishable agricultural commodities ("Produce") in interstate

commerce.  Compl. ¶ 2.  Defendant American Growers, Inc. ("American Growers") is

a dealer and commission merchant which buys Produce from local growers and sells

that Produce to grocery stores throughout the United States.  Defendant, Glenn C.

Thomason ("Thomason") is the President of American Growers and in that capacity,

controlled or was in a position to control, the assets of American Growers (together, "Defendants").  Compl. ¶ 3(b).

Plaintiff brings suit alleging various claims under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499b(4) and e(c), to enforce its right to payments due for strawberries purchased by Defendant.  Under this Act, the agricultural commodities, products derived from the produce, and proceeds from the sale of such items are subject to a statutory trust ("PACA Trust") for the benefit of the seller until full payment is made to the seller by the dealer.  7 U.S.C. § 499e(c)(2) and (4); *see also Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 282 (9th Cir.1997).  Gulf Coast also raises claims pursuant to the Florida Uniform Fraudulent Transfer Act, Fla. Stat. § 726.101 *et seq.*, and common law.  American Growers has counterclaimed for breach of contract regarding the same or similar transactions.

**Standard of Review**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).  To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); *see also Bell Atlantic Corp. v.*

*Twombly*, 127 S.Ct. 1955, 1964 (2007); *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).  This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action.  *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).  Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Id.* (internal citation and quotation omitted).  "A complaint need not specify in detail the precise theory giving rise to recovery.  All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests."  *Sams v. United Food and Comm'l Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir. 1989).

        "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1964-65 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Id.* at 1965.  Plaintiff must plead enough facts to state a plausible basis for the claim.  *Id.*

Discussion

**Count V - Breach of Contract**

American Growers moves to dismiss Count V alleging breach of contract because no contract is attached to the Complaint. American Growers claims it is impossible to answer Count V because it does not know what contract the Complaint refers to. "Without either allegations of the terms or the contracts themselves from which the terms can be deduced, Gulf Coast cannot allege a breach of contract and Count V as it now stands is unanswerable and must be dismissed as a matter of law." DE 28 at 7.

Plaintiff responds that it is not necessary to attach copies of the invoices[1] to the complaint in order to make a short and plain statement of a breach of contract claim. The Court agrees.

Contrary to Defendants' contentions, when alleging a breach of contract, a plaintiff is not required to attach the subject contract to the complaint in order to state a claim. *Mayes v. Local 106, Int'l Union of Operating Engineers*, 739 F. Supp. 744, 748 (N.D.N.Y. 1990); *Stratton Group, Ltd. v. Sprayregen*, 458 F.Supp. 1216, 1218 (S.D.N.Y. 1978). "Under Florida law, '[i]t is elementary that in order to recover on a claim for breach of contract the burden is upon the claimant to prove by a preponderance of the evidence the existence of a contract, a breach thereof and

---

[1] It appears the contracts at issue are embodied in invoices which are in the Court file, attached to the Declaration of Steve Machell, filed in support of the Motion for a Preliminary Injunction [DE 5].

damages flowing from the breach.'" *North American Clearing, Inc. v. Brokerage Computer Systems, Inc.*, No. 07-cv-1503, 2008 WL 341309, *2 (M.D. Fla. Feb. 5, 2008) (quoting *Knowles v. C.I.T. Corp.*, 346 So.2d 1042, 1043 (Fla. Dist. Ct. App. 1977)).

Under this standard and upon due consideration of the Complaint (DE 1), the Court finds that Plaintiff has sufficiently alleged:

1) that Plaintiff and Defendants were parties to a contract under which Plaintiff agreed to sell Produce, and American Growers agreed to purchase Produce in the total amount of $439,915.00.  Compl. ¶¶ 9, 35;

2) that American Growers breached its contracts with Plaintiff by failing to pay for each shipment of Produce.  Compl. ¶ 36; and

3) that Plaintiff suffered damages of $439,915.00 as a direct result of the breach.

Plaintiff has alleged sufficient facts to constitute a "short and plain statement of the claim" of breach of contract so as to put Defendants on notice.  Fed. R. Civ. P. 8.  The Court finds that Plaintiff has, without attaching the actual contract, alleged a breach of contract claim sufficient to survive Defendants' Motion to Dismiss for failure to state a cause of action as to Count V of the Complaint.

**Count VI - Breach of Fiduciary Duty**

American Growers moves to dismiss Count VI which alleges Thomason breached his fiduciary duty to PACA trust beneficiaries.  In their reply, Defendants acknowledge Gulf Coast's ability to plead a PACA claim against Thomason personally, but assert the

count is still defective because Gulf Coast cannot "collect all of its alleged debt from Thomason directly."  DE 37 at 2.  Defendants urge the Court to require Plaintiff to re-plead this count so that Thomason is stated only as a secondary defendant.  For this proposition, Defendants rely upon *Golman-Hayden Co., Inc. v. Fresh Source Produce Inc.*, 217 F.3d 348, 351 (5th Cir. 2000) ("*Goldman-Hayden*").

In *Golman-Hayden*, the Fifth Circuit suggested that individual officer PACA liability is determinable only after the plaintiff has shown that corporate assets are insufficient to satisfy the obligation:

> PACA liability attaches first to the licensed commission merchant, dealer, or broker of perishable agricultural commodities.  If, however, the assets of the licensed commission merchant, dealer, or broker are insufficient to satisfy the PACA liability, then others may be held secondarily liable if they had some role in causing the corporate trustee to commit the breach of trust.

217 F.3d at 351 (footnotes omitted).

When considering a related claim under PACA, the Third Circuit opined, "[w]e do not read [the Fifth Circuit's] interpretation of PACA liability [in *Golman-Hayden Co.*] to mean that the injured party cannot seek relief from the individual who is secondarily liable until he has a judgment from the corporation that is primarily liable, rather that the seller may only be on notice of the breach of duty after first suing the corporation and discovering that the assets were not preserved."  *Weis-Buy Services, Inc. v. Paglia*,  411 F.3d 415, 424 n.5 (3rd Cir. 2005).

To allege personal liability against Thomason, the person allegedly in control of

the trust assets, Plaintiff need only show that "the assets of the licensed commission

merchant, dealer, or broker are insufficient to satisfy the PACA liability."

*Golman-Hayden*, 217 F.3d at 351.  This fact is alleged in Count VI.  Compl. ¶ 44-45;  7

C.F.R. § 46.46(d)(1), (e); *Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 707

(2d Cir. 2007).  As the insufficient funds element will need to be proved before

judgment could be entered against Thomason, it is not necessary to replead this

claim to state that Thomason is only secondarily liable.  Dismissal of Gulf Coast's

claim for breach of fiduciary duty to PACA trust beneficiaries is unwarranted.  *Sunkist*

*Growers, Inc. v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997).

**Count VII - Conversion and Unlawful Retention of PACA Trust Assets**

Count VII alleges that, instead of paying the monies allegedly owed under a

series of contracts, American Growers directed the monies to Thomason.  Defendants

assert this count must be dismissed because (1) the claim is barred by the economic

loss rule since it arises from a breach of contract and (2) because money cannot be

converted.

**Economic Loss Rule**

Under the economic loss rule, a plaintiff may not bring a tort claim to recover

economic damages arising from a breach of contract, unless there are personal injury

or property damages.  *See Jones v. Childers*, 18 F.3d 899, 904 (11th Cir. 1994).

However, tort claims that are committed independent of a breach of contract and

which require proof of facts separate from a breach of contract action are not barred

under the economic loss rule. *See HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.*, 685 So.2d 1238 (Fla. 1996). Furthermore, intentional tort claims such as fraud and conversion are not barred by the economic loss rule. *See Indemnity Ins. Co. of N. Am. v. American Aviation, Inc.*, 891 So.2d 532, 543 n. 3 (Fla.2004); *Duncan v. Kasim, Inc.*, 810 So.2d 968, 971 (Fla. Dist. Ct. App. 2002); *Pershing Indus., Inc. v. Estate of Victoria Sanz*, 740 So.2d 1246, 1248 (Fla. Dist. Ct. App. 1999); *Alex Hofrichter, P.A. v. Zuckerman & Venditti, P.A., et al.*, 710 So.2d 127, 129 (Fla. Dist. Ct. App. 1998). Nor does the economic loss rule apply when the parties are not in contractual privity. *Indemnity Ins. Co.*, 891 So.2d at 536; *Biscayne Inv. Group, Ltd. v. Guarantee Management Svcs., Inc.*, 903 So.2d 251 (Fla. Dist. Ct. App. 2005).

The conversion claim in this case is based on the allegation that American Growers failed to pay the money due under the contract it had with Plaintiff and then transferred PACA trust assets to Thomason, who continues to hold them wrongfully. Contrary to Defendants' assertions, the economic loss rule does not bar Plaintiff's conversion claim. First, the alleged conversion in this case *is not* between parties who are in contractual privity and *is not* based on the alleged breach of contract. Contractual privity allegedly exists between Plaintiff and American Growers, not between Plaintiff and Thomason, the party against whom the conversion claim is asserted. *Indemnity Ins. Co.*, 891 So.2d at 536; *Biscayne Inv. Group, Ltd.*, 903 So.2d 251. Additionally, the alleged breach of contract occurred when American Growers failed to pay the money Plaintiff claims is due. American Grower's alleged transfer

of the PACA assets to Thomason, and Thomason's alleged wrongful withholding of the assets, are wrongs separate and independent of the contractual breach.  Thus, because the alleged conversion is based upon acts separate and independent of the contractual breach, the economic loss doctrine does not apply.[2]  *HTP, Ltd.,* 685 So.2d 1238.

**Conversion Claim for Money**

Defendants also move to dismiss Count VII because it asserts a claim for conversion of money.  Conversion is defined as, "an act of dominion wrongfully asserted over another's property inconsistent with his ownership therein. In essence, conversion is an unauthorized act which deprives another of his property permanently or for an indefinite time.  It is the disseisin of the owner or an interference with legal rights which are incident to ownership, such as a right to possession." *Special Purpose Accounts Receivable Co-op Corp. v. Prime One Capital Co.*, 125 F. Supp. 2d 1093, 1099-1100 (S.D. Fla. 2000) (quoting *Burger King Corp. v. Austin*, 805 F.Supp. 1007, 1012 (S.D. Fla. 1992)) (citations omitted).  Florida courts have identified three elements necessary to state a claim for conversion: (1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein. *Id.; Warshall v. Price*, 629 So.2d 903, 904 (Fla. Dist. Ct. App.  1993) (analyzing each element to find that plaintiff had established conversion claim).

---

[2] The Court notes that the authorities and rationale upon which Defendants rely might be applicable if the conversion claim was being asserted against American Growers, with whom Plaintiff is in contractual privity.

To establish a claim for the conversion of money, there must exist a specific fund capable of separate identification. *Prime One Capital Co.*, 125 F. Supp. 2d at 1100; *Belford Trucking Co. v. Zagar*, 243 So. 2d 646, 648 (Fla. Dist. Ct. App. 1970). Florida courts have stated, "[t]o be a proper subject of conversion each coin or bill need not be earmarked, but there must be an obligation to keep intact or deliver the specific money in question, so that such money can be identified." *Bankest Imports, Inc. v. ISCA Corp.*, 717 F.Supp. 1537, 1542 (S.D. Fla. 1989) (quoting *Belford Trucking v. Zagar*, 243 So.2d 646 (Fla. Dist. Ct. App. 1970)).  Money is capable of identification where it is delivered "at one time, by one act and in one mass, or where the deposit is special and the identical money is to be kept for the party making the deposit...." *Id.*

The Court finds that Count VII fails to contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under the theory of conversion.  Not only has Plaintiff not alleged the elements of conversion, but it has failed to identify sufficiently a specific fund that Plaintiff can claim was converted.  Therefore, the motion to dismiss Count VII for failure to identify funds that are discrete or discernible is granted, without prejudice.

**Count VIII - Fraudulent Transfer**

Count VIII alleges that American Growers fraudulently transferred PACA trust assets to Thomason and unknown third parties in violation of the Florida Uniform Fraudulent Transfers Act, Fla. Stat. § 726.101, *et seq.* ("FUFTA").  FUFTA was

promulgated to prevent an insolvent debtor from transferring assets out of the reach of its creditors when the debtor's intent is to hinder, delay, or defraud any of its creditors.  *Id*.  Thus, the statute provides that any transfer made or obligation incurred by a debtor is fraudulent as to a creditor if the debtor made the transfer or incurred the obligation to hinder or defraud the creditor or without receiving "reasonably equivalent value in exchange for the transfer or obligation."  Fla. Stat. § 726.105-106.  Defendants argue this count must be dismissed because the circumstances constituting fraud are not stated with particularity: it is not alleged with certainty whether any transfers were made and nowhere does the count allege circumstances that even imply a fraudulent act.

Federal Rule of Civil Procedure Rule 9(b) ("Rule 9(b)") provides, in pertinent part, that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Fed.R.Civ.P. 9(b).  This Rule "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior."  *Brooks v. Blue Cross and Blue Shield of Florida, Inc.,* 116 F.3d 1364, 1370-71 (11th Cir.1997) *quoting Durham v. Business Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (internal quotation marks omitted).  This Rule is satisfied if the complaint sets forth (1) the exact statements or omissions made; (2) the time and place of each such statement and who made the statement or omission; (3) the substance of the statement and how it misled the

plaintiff and (4) the defendants' gain due to the alleged fraud.  *See id*. quoting *Brooks*, 116 F.3d at 1371.  That stated, the Court must not allow the application of Rule 9(b) to vitiate the overall concept of notice pleading.  *See Ziemba v. Cascade Int'l, Inc.,* 256 F.3d 1194, 1202 (11th Cir. 2001).

The Court concludes that the heightened pleading standard of Rule 9(b) does not apply to claims brought under the FUFTA.  *Special Purpose Accounts Receivable Co-op. Corp. v. Prime One Capital Co., L.L.C.*  No. 00-cv-06410, 2007 WL 4482611, *4 (S.D. Fla. 2007).  Unlike common law fraud claims, fraudulent transfer claims are asserted against a person or entity that did not deal directly with the plaintiff in the challenged transaction.  Therefore, the plaintiff generally possesses little or no information about the alleged fraudulent transfer other than it occurred.[3]  The fraudulent act, the clandestine act of hiding money, is allegedly committed by a defendant and another, to the exclusion of the plaintiff.  This is in stark contrast to a common law fraud claim where a plaintiff alleges that a defendant made a material false statement or omission directly to the plaintiff.  Under such circumstances, the plaintiff is in a position to plead with the specificity required by Rule 9(b).  This Court concludes that despite the use of the word "fraud," a fraudulent transfer claim is significantly different from other fraud claims to which Rule 9(b) is directed.  *See*

---

[3]  As discussed by Wright and Miller, a common reason identified by courts to require heightened pleading for fraud claims rests on the idea that without this information, a defendant would be unable to formulate a responsive pleading.  C. Wright & A. Miller, 5A Federal Practice & Procedure § 1296 (2004).  In the fraudulent transfer context, however, the defendant, as opposed to the plaintiff, is more likely to possess the particularized information about the complained-of conduct.

*Nesco Inc. v. Cisco,* No. Civ.A. CV205-142, 2005 WL 2493353, * 3 (S.D. Ga. Oct.7, 2005) (finding common law fraud and fraudulent transfer "bear very little relation to each other" since the element of false representation need not be proven in fraudulent transfer cases). Given this lack of access to information on the part of a plaintiff in a fraudulent transfer case, the application of a heightened pleading standard is inappropriate.

Although the heightened pleading standard of Rule 9(b) is not required here, Count VIII still fails to state a claim for fraudulent transfer. FUFTA, as set forth in Florida Statute § 726.105, provides the substantive requirements that must be pled to state a valid fraudulent transfer claim. *Nationsbank, N.A. v. Coastal Utilities, Inc.,* 814 So.2d 1227, 1229 (Fla. Dist Ct. App. 2002). The plaintiff must show that "(1) there was a creditor to be defrauded; (2) a debtor intending fraud; and (3) a conveyance of property which could have been applicable to the payment of the debt due." *Id.* The instant Complaint does not allege fraudulent intent. Instead, the Complaint simply alleges that assets were transferred to a company insider and unknown third parties without consideration at a time when American Growers was insolvent. Based on these deficiencies, the Court finds that Count VIII must be dismissed without prejudice.

**Leave to Amend**

Plaintiff has requested leave to amend the Complaint should this Court find it deficient. Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall

be freely granted when justice so requires."  Therefore, in accordance with the usual

practice upon granting a motion to dismiss, leave to replead those counts that are

dismissed herein without prejudice will be permitted.

<u>Conclusion</u>

For the foregoing reasons, Defendants' Motion to Dismiss Counts V - VIII [DE 32]

is **GRANTED IN PART AND DENIED IN PART**, without prejudice, with leave to replead

within twenty days of receipt of this Opinion and Order in a manner consistent with

this Opinion.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 7th day of March, 2008.

KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record
Magistrate Judge Linnea R. Johnson